**Jerry COTTEN and Rosemary Cotten, Appellants**

v.

**Ron BRILEY and Jeri Briley, Century 21 Lake Country, Danny Halbrook, Judy Stroman and Stroman Enterprises, LLC, Appellees**

**No. 06–16–00053–CV**

Court of Appeals of Texas, Texarkana.

Date Submitted: January 20, 2017

Date Decided: March 14, 2017

Joseph Hummel, Bryan Haynes, Scheef & Stone, LLP, Dallas, TX, for Appellants.

Vance L. Metcalf, Billy D. Anderson, Kent, Anderson, Bush, Frost & Metcalf, PC, Tyler, TX, for Century 21 Lake Country and Judy Stroman.

Michael Ace, Roberts & Roberts, Tyler, TX, for Danny Halbrook.

J. Brad McCampbell, Curtis, Alexander & McCampbell, PC, Emory, TX, for Ron Briley and Jeri Briley.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Moseley

When Jerry and Rosemary Cotten's newly-purchased retirement home began exhibiting substantial problems of which they were unaware when they purchased it, the Cottens filed suit against the persons who sold it to them (Ron and Jeri Briley), the sellers' real estate agent (Judy Stroman), the broker under whom the agent worked (Century 21 Lake Country), and the home inspector who was retained to inspect the house prior to the purchase (Danny Halbrook). After the trial court granted a no-evidence summary judgment in favor of Stroman and Lake Country[1] and dismissed the Cottens' claims against all defendants for want of prosecution, the Cottens have appealed. In their appeal, the Cottens assert that the trial court erred in (1) dismissing its claims as to all defendants for want of prosecution, (2) dismissing its claims against Stroman, Lake Country, and Stroman Enterprises, LLC[2] (Enterprise), for want of prosecution, and (3) granting Stroman and Lake Country's motion to strike the Cottens' second amended petition. We affirm the trial court's orders.

## I. Background

At the outset of the litigation, the Cottens retained William R. Power to represent them, and Power filed suit on their behalf June 12, 2014, against the Brileys, Halbrook, Stroman, and Lake County. This suit was to recover damages the Cottens alleged were incurred from their purchase of the Brileys' house in Wood County. In their original petition, the Cottens alleged that when they purchased the house July 31, 2012, they relied on the disclosures and representations made by the Brileys and in a report issued to them by Halbrook. In the ensuing months after they moved into the house, the Cottens discovered, *inter alia*, that portions of the flooring were rotted through, that the subflooring, the air conditioning ductwork, and the ceiling were infested with black and green mold, and that there was pre-existing and unrepaired leakage in the roof. The Cottens' petition asserted causes of action against the Brileys for breach of contract, violations of the Texas Deceptive Trade Practices Act (DTPA), common law fraud, fraud in a real estate transaction, and civil conspiracy to defraud. They asserted causes of action against Halbrook for negligence and civil conspiracy to defraud, and against Stroman and Lake Country for participation in a civil conspiracy to defraud them.

After filing the original petition, there is nothing to show that Power did anything at all to prosecute the lawsuit. The Cottens were often unable to reach Power by telephone or email for weeks at a time and became increasingly concerned about his inaction and his failure to move the case forward. It is undisputed that Power neither initiated discovery nor responded to discovery propounded by Halbrook, Stroman, and Lake Country, leading to the filing of a motion by Stroman and Lake Country to compel responses. On April 6, 2016, Power met the Brileys at an airport and delivered his file on their case to them.

---

1. The Cottens do not appeal the no-evidence summary judgment.

2. The Cottens added Stroman Enterprises, LLC, as a defendant in its second amended petition, filed after the trial court granted summary judgment in favor of Stroman and Lake Country.

The Brileys terminated Power's representation in the case.

On April 15, 2016, Stroman and Lake Country filed their motions for no-evidence summary judgment and to dismiss the case for want of prosecution. On April 19, 2016, those motions were set for hearing on May 16, 2016; on the date of the hearing, the Cottens' new counsel was substituted in place of Power. On May 9, 2016, the Cottens' new counsel filed a motion wherein he asked for a continuance of the hearing on Stroman and Lake Country's motion; however, he did not file any response to the Stroman and Lake Country motion for summary judgment. The Cottens then sent notice to the Brileys of their intention to take the Brileys' depositions. On May 13, 2016, the Cottens filed their first amended petition, which added causes of action against Stroman and Lake Country for DTPA violations and fraud in a real estate transaction. At the May 16 hearing, the trial court denied the Cottens' motion for continuance, struck their first amended petition, and entered a no-evidence summary judgment in favor of Stroman and Lake Country.

On May 17, 2016, Halbrook filed motions to dismiss for want of prosecution and for no-evidence summary judgment, which were set for hearing on June 27, 2016. The Brileys filed motions on May 23, 2016, seeking dismissal of the Cottens' suit for want of prosecution and for a no-evidence summary judgment.

The Cottens, without first obtaining leave of court, filed their second amended petition on May 31, 2016. That petition added Enterprise as a defendant, reasserted their causes of action against the Brileys and Halbrook, asserted a cause of action against Stroman, Lake Country, and Enterprise for fraud in a real estate transaction, and asserted a civil conspiracy to defraud claim against the Brileys and Enterprise. The Cottens then had Stroman, Lake Country, and Enterprise served with citation. On June 10, 2016, the Cottens filed a jury demand. The Cottens also filed a motion for entry of a scheduling order and request for a level 3 discovery control plan on June 14, 2016, this being set for hearing June 27, 2016. Nevertheless, on June 16, 2016, the trial court entered its scheduling order, setting the case for trial on May 1, 2017. On June 24, 2016, Stroman and Lake Country filed their motion to strike the Cottens' second amended petition.

At the June 27 hearing, the Cottens' new attorney admitted that from June 2014 (when the suit was originally filed) until May 2016, the Cottens initiated no discovery and made no responses to discovery requests sent to them. Nevertheless, he argued that the lack of discovery was not the fault of his clients, placing the entire blame at the feet of their first attorney. The attorney then recounted to the trial court the steps his firm had taken since having been retained, those steps having been to send out discovery, requesting a scheduling order and obtaining a trial date, hiring an expert witness, and producing requested documents.

After the trial court indicated that it was inclined to grant Halbrook's motion to dismiss, the Cottens' attorney informed the court that he had filed an amended petition which added both a new defendant and additional causes of action against Stroman. He then requested that if it was entering an order of dismissal, the court enter an order dismissing the case in its entirety, and this met with no objection from opposing counsel. When the attorney for Stroman asked whether the order would include Enterprise, the Cottens' attorney clarified that he was not agreeing to the dismissal, but he would rather all defendants be included in the dismissal for

want of prosecution in order to save money on the part of the parties by avoiding multiple appeals.

Stroman and Lake Country then asked the court to hear their motion to strike plaintiffs' second amended petition as it related to them. The Cottens objected to hearing that motion and informed the court that it had not received any notice that the motion would be heard that day. The trial court nevertheless heard the motion and struck the Cottens' second amended petition. After some discussion, the Cottens objected to including "the Stroman entities" in the order of dismissal. Nevertheless, the trial court entered both its order dismissing the Cottens' claims against all defendants, and its order granting Stroman's and Lake Country's motion to strike plaintiffs' second amended petition.

## II. No Abuse of Discretion in Dismissing for Want of Prosecution

In their first point of error, the Cottens assert that the trial court abused its discretion in dismissing their causes of action against all of the defendants. The Cottens argue that any lack of diligence in prosecuting the case was due to the negligence of their first attorney, for whose inactivity they should not be punished, calling attention to actions they took after the motions to dismiss were filed as evidence of their new-found diligence. In their second point of error, the Cottens assert that the trial court erred in including Stroman, Lake Country, and Enterprise in its order of dismissal for want of prosecution, arguing that since the trial court granted the motion to strike their second amended petition, those defendants were no longer defendants. Stroman and Lake Country agree that the order of dismissal for want of prosecution does not apply to them. Therefore, we will address the dismissal

for want of prosecution only insofar as it applies to the Brileys, Halbrook, and Enterprise.

### A. Standard of Review

A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding) (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)). Under Rule 165a, the trial court may dismiss a suit for either (1) the failure of a party seeking relief to appear at a hearing or trial, or (2) when the case is "not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules." *Id.* (quoting TEX. R. CIV. P. 165a(2)). Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay in prosecuting the suit of an unreasonable duration, unless sufficiently explained. *Conner*, 458 S.W.3d at 534. Consequently, the party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for its delay in prosecuting the case. *Historic Lufkin Manor, LLC v. Great Cent. Mortg. Acceptance Co., Ltd.*, No. 12-12-00105-CV, 2013 WL 3270884, at *2 (Tex. App.–Tyler June 25, 2013, no pet.) (mem. op.) (citing *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.–El Paso 2010, no pet.)). We review the record to determine whether the party opposing the motion has demonstrated good cause for not exercising greater diligence in prosecuting the case. *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.–El Paso 2010, no pet.); *Guest v. Dixon*, 223 S.W.3d 531, 533 (Tex. App.–Amarillo 2006, no pet.).

When, as here, the trial court does not state the basis for its dismissal,

we will affirm its decision on the basis of any legal theory supported by the record. *Historic Lufkin*, 2013 WL 3270884, at \*1; *Olivas*, 323 S.W.3d at 274. It is undisputed that the dismissal was not a result of the Cottens' failure to appear at a hearing or trial. Therefore, we will examine the dismissal under the trial court's inherent power and Rule 165a(2). Under its inherent power to dismiss a case, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. *Olivas*, 323 S.W.3d at 274; *Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.–San Antonio 1998, pet. denied). Under Rule 165a(2), the Supreme Court's Rules of Judicial Administration provide that the trial court "should, so far as reasonably possible, ensure that" its civil nonjury cases are brought to trial or final disposition within twelve months from appearance date, and its civil jury cases within eighteen months from appearance date. TEX. R. JUD. ADMIN. 6.1(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013). The Supreme Court has held that "[a]bsent any reasonable explanation for the delay," a trial court abuses its discretion when it disregards the conclusive presumption of abandonment that arises under its Rules of Judicial Administration and does not dismiss the case for want of prosecution. *Conner*, 458 S.W.3d at 535.

## B. Analysis

In this case, the record shows that the original petition was filed on June 12, 2014, and that all of the defendants had appeared by December 1, 2014. It is undisputed that the Cottens served no written discovery, took no depositions, and failed to properly respond to discovery until after Stroman and Lake Country filed their no-evidence motion for summary judgment and motion to dismiss for want of prosecution on April 14, 2016. Two weeks after Stroman's and Lake Country's no-evidence motion for summary judgment was granted, the Cottens filed their second amended petition adding (for the first time) Enterprise as a defendant. In addition, the Cottens did not file a jury demand until June 10, 2016, over two weeks after both the Brileys and Halbrook filed their motions to dismiss for want of prosecution and for the entry of no-evidence motion for summary judgment. Further, they did not file a request for trial setting until June 14, 2016.

The only excuse for their lack of diligence the Cottens offer is the inattentive negligence of their first attorney. However, as we have previously held, clients "cannot rely upon any failure on the part of [their] chosen attorney ... as an excuse for lack of diligence, because the acts of one's attorney is imputed to the client." *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 170 (Tex. App.–Texarkana 1997, no writ) (citing *Petro–Chem. Transp. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974)); *see also Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968); *Saint v. Bledsoe*, 416 S.W.3d 98, 108 (Tex. App.–Texarkana 2013, no pet.).[3] We note that it has

---

**3.** In support of their argument that the client should not be punished for the actions or inactions of his attorney, the Cottens cite *Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731 (Tex. App.–Dallas 1985, no writ), and *Brown v. Howeth Investments., Inc.*, 820 S.W.2d 900 (Tex. App.–Houston [1st Dist.] 1991, writ denied). These cases are not apposite. Initially, we note that both of these cases were reversed for the trial court's abuse of discretion in not reinstating the previously dismissed case. *Wyatt*, 693 S.W.2d at 733; *Brown*, 820 S.W.2d at 903. Under Rule 165a(3), if a verified motion to reinstate is filed, the trial court is required to "reinstate the case upon finding after a hearing that the

long been the rule in Texas that "as long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of one must necessarily bind the other as a general rule." *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968) (quoting *Dow Chem. Co. v. Benton*, 163 Tex. 477, 357 S.W.2d 565, 567–68 (1962)).

Further, the Cottens' actions taken after the motions to dismiss were filed, including their action in obtaining a trial setting or their filing of a jury demand, do not enter into the analysis of whether diligence has been exercised. *Bjorkstam v. Woodward, Inc.*, No. 14-14-00927-CV, 2016 WL 1072298, at *3 (Tex. App.–Houston [14th Dist.] Mar. 17, 2016, no pet.) (mem. op.); *see Maguire*, 974 S.W.2d at 198 (request for trial setting after receipt of notice of dismissal hearing does not excuse sixteen months of inactivity). Considering the entire record and the long period of inactivity without a showing of good cause for the delay, we cannot say that the trial court abused its discretion in dismissing the suit under its inherent authority. Further, when the motions to dismiss were filed, no jury demand had been filed, and more that seventeen months had expired since the latest appearance date. Without a showing of good cause for the delay, we cannot say the trial court abused its discretion in dismissing the suit pursuant to Rule 165a(2).

█ Regarding Enterprise, the Cottens only challenge its inclusion in the order of dismissal because, they argue, the trial court granted the motion to strike the second amended petition and therefore Enterprise was no longer in the case. We disagree. Both in their written motion and at the hearing, the only parties who requested the trial court to dismiss the second amended petition were Stroman and Lake Country. Further, the trial court's order recites that it considered and granted only Stroman and Lake Country's motion to strike. Therefore, the record does not support the Cottens' argument that Enterprise was included in the order striking the second amended petition.[4]

failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or .... has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3); *see Brown*, 820 S.W.2d at 902. In *Wyatt*, the case was dismissed at 9:25 a.m. when Wyatt's new counsel had not appeared for the trial that was scheduled at 9:00 a.m. Although he appeared shortly thereafter and explained that he had been delayed by heavy traffic between Fort Worth and Dallas, the court refused to reinstate the case. *Wyatt*, 693 S.W.2d at 733. The Court of Appeals pointed out that although there had been a lack of diligence in preparing the case by Wyatt's former attorney, this had been forgiven when the trial court proceeded to trial without dismissing the case. Therefore, the only ground for dismissal was the failure to appear at trial on time, which was reasonably explained. Under these facts, the Court of Appeals held that it was an abuse of discretion not to reinstate the case. *Id.* In *Brown*, Brown substituted attorneys about the same time that the trial court sent a notice of intent to dismiss to Brown's first attorney. Neither Brown nor his new attorney received the notice and did not find out about the dismissal of the case until two weeks after the dismissal. *Brown*, 820 S.W.2d at 902. Using the standards under Rule 165a(3), the Court of Appeals held that the trial court had abused its discretion in refusing to reinstate the case since the record showed that the plaintiff and his new attorney had not intentionally ignored the suit or intentionally failed to respond to the notice of intent to dismiss. *Id.* at 902–03. In this case, no motion to reinstate was filed in the trial court, and a different standard applies.

4.  We also note that the Cottens elected to add Enterprise in the suit after it had been served with the motions to dismiss. They offered no explanation of why Enterprise was not named in their original petition, or why it could not have been named as a party earlier in the suit. Without a reasonable explanation for the delay, it is not an abuse of discretion to include newly added parties in the order of dismissal.

Since we find no abuse of discretion by the trial court in including the Brileys, Halbrook, and Enterprise in the order dismissing the suit for want of prosecution, we overrule the Cottens' first and second points of error.

## III. No Abuse of Discretion in Striking the Second Amended Petition

■ In their third point of error, the Cottens assert that the trial court abused its discretion in striking the second amended petition since the Cottens did not have notice that the court would hear the motion to strike. We disagree.

Rule 21 provides that

[a]n application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

TEX. R. CIV. P. 21. It is undisputed that the motion to strike was filed and served on the Cottens on June 24, 2016, and heard on June 27, 2016. It is also undisputed that although the Cottens had no prior notice the motion would be heard, they were present at the hearing.

■ A trial court can shorten the notice requirement under Rule 21. *Id.*; *Buruato v. Mercy Hosp. of Laredo*, 2 S.W.3d 385, 387 (Tex. App.–San Antonio 1999, pet. denied). We will not disturb a trial court's decision to conduct a hearing on a motion prior to the Rule 21 notice period expiring absent an abuse of discretion. *Buruato*, 2 S.W.3d at 387. A trial court abuses its discretion when it acts "arbitrarily, unreasonably, or without consideration of guiding legal principles." *Id.* at 388 (citing

*See Mohammed v. Host Hotels & Resorts, L.P.*, No. 05-12-00818-CV, 2013 WL 3771355, at \*3

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

■ In deciding to shorten the notice period set out in Rule 21, the trial court may consider the exigent circumstance of the particular case. *Id.* In this case, immediately before hearing the motion to strike, the Cottens had requested the trial court to include all of the defendants in its order of dismissal—even though those other defendants either lacked motions to dismiss, or their motions to dismiss had not been noticed for hearing. The Cottens insisted that getting a final resolution at the hearing would save everyone money and that (for reasons of economy) they wanted only one appeal. Further, the Cottens did not contend that they had not been served with the motion, and therefore its contents did not come as a surprise. *See id.*

■ In addition, the trial court could take into consideration that it would not be able to consider the allegations against Stroman and Lake Country asserted in the second amended petition. The trial court had previously entered a summary judgment in favor of Stroman and Lake Country, and the Cottens had subsequently filed their second amended petition asserting new claims against Stroman and Lake Country without seeking leave of court. A summary judgment hearing is a trial under Rule 63. *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). Rule 63 requires that leave of court must be obtained to file any pleading "within seven days of the date of trial or thereafter." TEX. R. CIV. P. 63. Further, "[a] trial court cannot grant a motion to amend the pleadings once the court renders [summary] judgment." *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728, 735 (Tex. App.–Texarkana 2003, no pet.) (citing

(Tex. App.–Dallas July 15, 2013, no pet.) (mem. op.).

*Automaker, Inc. v. C.C.R.T. Co.*, 976 S.W.2d 744, 746 (Tex. App.–Houston [1st Dist.] 1998, no pet.)); *see Clark v. So. Padre Island Dev., L.L.C.*, No. 13-08-108-CV, 2009 WL 39088, at *2 (Tex. App.–Corpus Christi Jan. 8, 2009, no pet.) (mem. op.); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.–Dallas 2007, no pet.). Since the trial court could not have granted a motion to amend the Cottens' pleadings after it entered summary judgment in favor of Stroman and Lake Country, it could not consider the new allegations against Stroman and Lake Country asserted in the second amended petition. *See Denman*, 123 S.W.3d at 735.

Taking into account the Cottens' desire to have a final, appealable judgment as to all parties, the lack of surprise as to the contents of the motion to strike, and that the trial court could not consider the second amended petition's allegations against Stroman and Lake Country, we cannot say that the trial court acted arbitrarily or unreasonably in shortening the notice period under Rule 21, or in striking the second amended petition.[5] We overrule the Cottens' third point of error.

We affirm the judgment of the trial court.

---

**5.** Even if the trial court abused its discretion in shortening the notice period, we may not reverse the judgment unless it probably caused the rendition of an improper judgment or prevented the Cottens from properly presenting their case on appeal. *See* Tex. R. App. P. 44.1(a). Here, as discussed, the trial court could not grant a motion to amend the Cottens' petition after it entered summary judgment in favor of Stroman and Lake Country. Therefore, striking the second amended petition, which only affected the summary judgment in favor of these defendants, did not cause the rendition of an improper judgment.