

# NUMBER 13-17-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAGUNA MADRE CONSTRUCTION INC.
D/B/A BAY AREA CONSTRUCTION,                                          Appellant,

v.

HOPE LUMBER AND SUPPLY
COMPANY, LP D/B/A
PROBUILD SOUTH LP,                                                   Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Laguna Madre Construction, Inc. d/b/a Bay Area Construction (LMC)

appeals the trial court's judgment dismissing for want of prosecution its claims against

appellee Hope Lumber and Supply Company, LP d/b/a Probuild South LP (Probuild).   By

four issues,[1] which we treat as two, LMC argues that: (1) it provided good cause for its delay in prosecuting its suit; and (2) the trial court failed to notify LMC of its intent to dismiss the case. We affirm.

## I. BACKGROUND

On September 5, 2012, the purchasers of a residential condominium complex[2] initiated the underlying litigation by filing suit against Mark Martin, the developer of the complex; LMC, the construction contractor; and Patrick Youree Nuckols, LMC's president and shareholder. The purchasers alleged that construction defects caused the condominium's balconies to "slump toward the ground and show acute signs of settling."

On September 12, 2013, LMC filed a third-party action against Probuild, alleging that Probuild supplied defective beams for the balconies. LMC filed an amended petition on December 26, 2013. Probuild filed its answer on March 19, 2014. The purchasers' claims were later resolved, leaving LMC's third-party action against Probuild as the only remaining claim.

On November 3, 2016, Probuild filed a motion to dismiss LMC's suit for want of prosecution. In its motion, Probuild argued that the trial court should dismiss the suit because LMC did not prosecute the case with reasonable diligence and the case was not disposed of within the time standards promulgated by the Texas Supreme Court under its administrative rules. Probuild's motion cited the trial court's inherent authority to

---

[1] An appellate brief was filed on behalf of Patrick Youree Nuckols, LMC's president and one of its shareholders, even though Nuckols is not a party to the appeal. We later granted LMC's motion to adopt Nuckols's brief as its own.

[2] The original plaintiffs were Sharif & Munir Enterprises, Inc.; Michele Munir; Dotsman Investment Group, LLC; and Gulf Paradise Condominium Association. They are not parties to this appeal.

dismiss a case for want of prosecution as well as its authority under Texas Rule of Civil Procedure 165a. *See* TEX. R. CIV. P. 165a. Probuild alleged that the latest activity in the case was its April 2, 2015 offer of settlement to LMC.

LMC filed a "Motion to Retain and Suggestion of Death" on December 6, 2016, in which it advised the court that Nuckols died at some unspecified point during the litigation.[3] LMC prayed that the trial court "retain this cause on the court's docket."

The trial court held a hearing on Probuild's motion on December 7, 2016. LMC informed the trial court that Nuckols died six months prior, although Probuild's counsel stated that Nuckols's obituary indicated that he died on February 1, 2016. LMC maintained that Nuckols's death was "not necessarily the reason [the litigation] didn't get moved forward." Rather, it claimed the delay was due to a "lack of communication." In response, Probuild argued that Nuckols, individually, was not a party to the surviving litigation. It also noted that it made a settlement offer to LMC on April 2, 2015 but received no response. Probuild represented that no other activity had taken place concerning LMC's claims. The trial court did not immediately rule and took the matter under advisement.

On December 15, 2016, the trial court denied LMC's motion to retain. LMC filed a motion for trial setting on January 17, 2017.[4] On February 13, 2017, the trial court

---

[3] We note that a motion to retain is typically filed in response to a trial court's dismissal of a case for want of prosecution. *See* TEX. R. CIV. P. 165a(3). When LMC filed its motion to retain, the trial court had yet to rule on Probuild's motion to dismiss.

[4] Relying on a docket-sheet entry, LMC maintains that on January 31, 2017, the trial court set the case for trial. However, no scheduling order appears in the record. Entries made on a docket sheet do not constitute written orders, *see In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005), and entries in the court's docket sheet cannot be accepted as a substitute for an official record. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 566 (1937); *see*

granted Probuild's motion to dismiss for want of prosecution. LMC filed a "Motion for Reconsideration/Motion for New Trial" arguing that it did not receive notice and an opportunity to be heard prior to the trial court's dismissal. The trial court denied the motion following a hearing. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). When, as here, the record does not contain findings of fact or conclusions of law and the order of dismissal does not specify the reason for dismissal, we must affirm the order on any applicable legal theory supported by the record. *See Rosemond v. Al–Lihiq*, 331 S.W.3d 764, 766 (Tex. 2011); *see also Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-16-00189-CV, 2017 WL 976069, at *3 (Tex. App.— Houston [1st Dist.] Mar. 14, 2017, pet. denied) (mem. op.).

### B.    Diligent Prosecution

By its first issue, LMC argues that the trial court erred in dismissing the case for want of prosecution because it provided good cause to retain the case on the docket and

---

*also Beasley v. Herren*, No. 13-03-00615-CV, 2006 WL 1360932, at *2 (Tex. App.—Corpus Christi May 18, 2006, no pet.) (mem. op.).

Probuild "did not meet the requirements for dismissal per [Texas Rule of Civil Procedure] 151." *See* TEX. R. CIV. P. 151 ("Death of Plaintiff").

### 1. Applicable Law

The trial court may dismiss a suit that has not been prosecuted with reasonable diligence under either its inherent authority or Rule 165a of the Texas Rules of Civil Procedure. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a, the trial court may dismiss a case when, as applicable here, a case is "not disposed of within [the] time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). In such cases, "[a] court shall dismiss . . . unless there is good cause for the case to be maintained on the docket." *Id.* The Texas Rules of Judicial Administration require district and statutory county courts to ensure, "so far as reasonably possible," that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months of the appearance date. *See* TEX. R. JUD. ADMIN. 6.1(b)(1); *In re Conner*, 458 S.W.3d at 535.

In addition, a trial court has the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630. To decide the diligence issue, trial courts consider the entire history of the case. *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729–30 (Tex. App.—San Antonio 2012, pet. denied); *Welborn v. Ferrell Enters.*, 376 S.W.3d 902, 907 (Tex. App.—Dallas 2012, no pet.); *King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied). A trial court generally will consider four factors

5

in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied); *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.). No single factor is dispositive. *Dobroslavic*, 397 S.W.3d at 729; *Scoville*, 9 S.W.3d at 204; *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion. *Henderson*, 465 S.W.3d at 321. The party opposing the dismissal has the burden to produce evidence showing good cause for its delay in prosecuting the case. *Cotten v. Briley*, 517 S.W.3d 177, 182 (Tex. App.—Texarkana 2017, no pet.); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.).

### 2. Analysis

When Probuild's motion to dismiss was filed, more than three years had passed since the suit's inception. This period far exceeds the eighteen-month time standard promulgated by the Texas Supreme Court for civil cases in which a jury has been demanded. *See* TEX. R. JUD. ADMIN. 6.1(b)(1); *In re Conner*, 458 S.W.3d at 535. The Texas Supreme Court's time standards "provide the prima facie standard for what is unreasonable" in terms of prosecuting a case. *Hosey v. Cty. of Victoria*, 832 S.W.2d

6

701, 704 (Tex. App.—Corpus Christi 1992, no writ). Further, there was a period of two years and seven months after Probuild answered the suit during which LMC took no action to prosecute the case. LMC's belated request for a trial setting does not mitigate this delay. *See Cotten*, 517 S.W.3d at 184 (explaining that actions taken after a motion to dismiss is filed, including efforts to obtain a trial setting, "do not enter into the analysis of whether diligence has been exercised"). Other Texas courts have upheld dismissals following similar periods of inactivity. *See, e.g.*, *Dobroslavic*, 397 S.W.3d at 730 (suit pending for seventeen months); *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied) (cause pending and largely inactive for almost two years); *City of Houston v. Robinson*, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ) (one year, no activity after filing); *Frenzel v. Browning-Ferris Indus., Inc.*, 780 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1989, no writ) (cause pending with little activity for more than three years).

Given this period of inactivity, LMC had the burden to produce evidence demonstrating good cause for its failure to diligently prosecute its case. *Cotten*, 517 S.W.3d at 182. LMC argues that the death of Nuckols, its president and shareholder, constituted "good cause for the [t]rial [c]ourt to maintain the case on the docket." However, LMC provides no explanation for the almost two-year period of inactivity preceding his death. *See Welborn*, 376 S.W.3d at 907 (noting trial court may consider intervals of inactivity in assessing plaintiff's diligence). We also note that LMC represented to the trial court that Nuckols's death was "not necessarily the reason [the litigation] didn't get moved forward." The trial court could have reasonably relied on this

7

representation in concluding that Nuckols's death did not prevent LMC from diligently prosecuting its suit.

LMC also argues that the trial court should not have dismissed its suit because it filed a suggestion of death pursuant to Texas Rule of Civil Procedure 151. *See* TEX. R. CIV. P. 151. Rule 151 addresses how suits may proceed after the death of the plaintiff and provides that the suit may be dismissed if the heir, administrator, or executor fails to appear after service of scire facias. *Id.*; *see Stumhoffer v. Perales*, 459 S.W.3d 158, 163 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). However, LMC, not Nuckols, is the plaintiff in this suit. *See Sparks v. Booth*, 232 S.W.3d 853, 868 (Tex. App.—Dallas 2007, no pet.) ("A corporation is a separate legal entity from its shareholders, officers, and directors."). Therefore, LMC's reliance on Rule 151 is misplaced.

Next, LMC relies on the "lack of communication" from Probuild's attorneys. LMC cites its counsel's representations below that Probuild's attorneys would not return his calls in reference to ongoing settlement negotiations. However, "[i]t is well established that neither settlement activity nor the passive attitude of opposing parties excuses a want of diligent prosecution." *F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.—Amarillo 1995, no writ); *see also Cruz v. Owens Handle Co.*, No. 04-02-00291-CV, 2003 WL 44797, at *2 (Tex. App.—San Antonio Jan. 8, 2003, no pet.) (mem. op.) ("[S]ettlement activity does not excuse want of diligent prosecution."). Further, the record does not reflect ongoing settlement activity at the time of dismissal. The last settlement offer was sent by Probuild one year and seven months before Probuild's motion to dismiss was filed.

The trial court was entitled to consider all of the relevant factors in evaluating LMC's diligence in prosecuting its suit; no single factor was determinative. *See Dobroslavic*, 397 S.W.3d at 729. LMC took no action to prosecute its case from March 19, 2014 to November 3, 2016. Moreover, LMC failed to provide good cause for its inactivity. Based on these factors, the trial court could have reasonably concluded that LMC failed to demonstrate that it had exercised reasonable diligence in prosecuting its suit. *See Henderson*, 465 S.W.3d at 321. Therefore, we conclude that the trial court did not abuse its discretion in dismissing LMC's suit for want of prosecution. *See MacGregor*, 941 S.W.2d at 75. We overrule LMC's first issue.

## C. Notice

By its second issue, LMC argues that "the trial court erred when it failed to notify [LMC] that it intended to dismiss the case."

### 1. Applicable Law

A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent power. *Villarreal*, 994 S.W.2d at 630 (citing TEX. R. CIV. P. 165a(1)). The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *Tex. Sting Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal*, 994 S.W.2d at 630–31. A trial court may not dismiss on any ground other than those for which it gave

notice of an intent to dismiss. *Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.); *see Villarreal*, 994 S.W.2d at 632–33.

### 2. Analysis

Dismissal in this case was initiated by Probuild's motion to dismiss for want of prosecution. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied) ("[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit."). The motion notified LMC that its claims may be dismissed for want of prosecution by the trial court, and it identified the grounds on which Probuild was seeking dismissal. *See id.* at 740. LMC filed a response to the motion and appeared at the subsequent hearing, during which it was given the opportunity to provide justifications for its delay in prosecuting the case. Further, LMC's participation in the hearing on its "Motion for Reconsideration / Motion for New Trial" would have cured any due process concerns occurring prior to the trial court's dismissal order. *See id.* at 737; *Manning v. North*, 82 S.W.3d 706, 715 (Tex. App.—Amarillo 2002, no pet.); *Tex. Sting, Ltd.*, 82 S.W.3d at 648–49. We conclude that the due process requirements for notice and an opportunity to be heard were satisfied in this case. *See Villarreal*, 994 S.W.2d at 630. We overrule LMC's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
26th day of July, 2018.

10