

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00384-CV

James **STROM**,
Appellant

v.

Juan Antonio **CASTILLO-GUZMAN** and L&B Interests, Inc.,
Appellees

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 21-1879-CV-E
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:  Adrian A. Spears II, Justice

Sitting:  Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: July 9, 2025

AFFIRMED

In this appeal, appellant James Strom challenges the trial court's refusal to reinstate his negligence suit after it was dismissed for want of prosecution. We affirm.

### BACKGROUND

On August 31, 2021, Strom sued Juan Antonio Castillo-Guzman and L & B Interests, Inc. ("appellees") for negligence arising from a motor vehicle collision. Appellees first appeared in the suit on July 26, 2022, when they filed an answer and a jury demand. On February 12, 2024,

appellees moved to dismiss Strom's suit for want of prosecution under rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power. Strom filed a response, urging the trial court to retain the suit on its docket because he had changed attorneys and his new attorney, Gregory V. Gallagher, had been involved in the case for only eight months. The case had been pending for about twenty-two months before Gallagher started representing Strom.

On March 5, 2024, the trial court held a hearing on the motion to dismiss. At the hearing, Strom was represented by Daniel P. Sullivan, an attorney who, like Gallagher, was associated with the law firm of Bailey & Galyen. Sullivan told the trial court that he could not "speak to what activity occurred in the case" before Gallagher took it over in June 2023. Nevertheless, Sullivan was able to tell the trial court that after Gallagher took it over, Strom's case was one of a stack of cases that Gallagher was trying to work on when he became ill with terminal cancer. Sullivan added that Gallagher had recently left the firm because of his worsening health. At the end of the hearing, the trial court dismissed Strom's suit for want of prosecution.

On March 19, 2024, Strom filed a verified[1] motion to reinstate, arguing he should not be penalized for his first attorney's lack of diligence in prosecuting the case, and that Gallagher's delay in prosecuting the case was justified by his health problems. On April 9, 2024, the trial court held a hearing on Strom's motion to reinstate. Again, Strom did not offer any explanation for his first attorney's failure to diligently prosecute the case. Instead, Strom focused on the lack of activity after Gallagher acquired the case, claiming Gallagher's inaction during this timeframe was reasonably explained by his health problems. After the hearing, the trial court denied the motion to reinstate. Strom appealed.

---

[1] The verification was signed by Sullivan, not Strom.

## APPLICABLE LAW AND STANDARD OF REVIEW

A plaintiff has a duty to prosecute his suit to conclusion with reasonable diligence, and if he fails to do so, the trial court may dismiss the case for want of prosecution. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015). A trial court's authority to dismiss a case for want of prosecution stems from two sources: rule 165a and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

Under rule 165a, the trial court is authorized to dismiss a suit that is "not disposed of within the time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). These time standards provide that, as far as reasonably possible, civil non-family law jury cases should be brought to trial or final disposition within eighteen months from appearance date. *See* TEX. R. JUD. ADMIN. 6.1(a)(1). "The Texas Supreme Court's time standards 'provide the prima facie standard for what is unreasonable' in terms of prosecuting a case." *Doss v. Robinson*, No. 04-16-00560-CV, 2017 WL 2124488, at *2 (Tex. App.—San Antonio May 17, 2017, no pet.) (quoting *Hosey v. Cty. of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no writ)).

Under its inherent authority, a trial court may dismiss independent of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630. To avoid dismissal for want of prosecution under the trial court's inherent authority, the plaintiff is "required to demonstrate to the trial court that [he] exercised reasonable diligence in prosecuting [his] suit." *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied). "To decide the diligence issue, trial courts may consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for the delay." *Id*. "Reasonable diligence is generally a question of fact." *Id*. at 730.

After a trial court dismisses a case for want of prosecution, "[a] motion to reinstate is a mechanism to prevent cases from being improperly dismissed." *Kirkpatrick v. Silva*, No. 04-17-00146-CV, 2018 WL 521628, at *2 (Tex. App.—San Antonio Jan. 4, 2018, no pet.). We apply the same reinstatement standard regardless of the source of the trial court's dismissal authority. *Id*. This standard provides that the trial "court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). "The standard is essentially the same as the standard for setting aside a default judgment." *Martinez v. Benavides*, No. 04-15-00465-CV, 2016 WL 3085913, at *2 (Tex. App.—San Antonio June 1, 2016, no pet.); *see Kirkpatrick*, 2018 WL 521628, at *2. "A failure to diligently prosecute is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Martinez*, 2016 WL 3085913, at *2; *see Kirkpatrick*, 2018 WL 521628, at *2. "[P]roof of such justification— whether it be by accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Martinez*, 2016 WL 3085913, at *2; *see Kirkpatrick*, 2018 WL 521628, at *2. The burden is on the party seeking reinstatement to produce evidence supporting his motion. *Coogan v. Office of Att'y Gen.*, No. 01-20-00082-CV, 2021 WL 1799825, at *2 (Tex. App.—Houston [1st Dist.] May 6, 2021, no pet.); *Ransom v. Gibson*, 553 S.W.3d 89, 93 (Tex. App.—Texarkana 2018, no pet.).

We review an order denying a motion to reinstate for an abuse of discretion. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 467-68 (Tex. 1995); *Kirkpatrick*, 2018 WL 521628, at *2. "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted

without reference to any guiding rules or principles." *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) (internal quotations omitted). "An appellate court determines whether the trial court abused its discretion in ordering or refusing reinstatement by reviewing the entire record." *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). Our task is to "ascertain[] whether or not there was enough evidence for the trial judge to find that the failure of the party [to diligently prosecute his case] was due to accident, mistake, or other reasonable explanation." *Id*. "[W]hen reviewing a ruling on a motion to reinstate, we consider whether the plaintiff provided proof of justification for his failure to diligently prosecute his suit." *Martinez*, 2016 WL 3085913, at *2 (citing *Cappetta v. Hermes*, 222 S.W.3d 160, 167 (Tex. App.— San Antonio 2006, no pet.)).

## DISCUSSION

When a trial court dismisses a case for want of prosecution and denies a motion to reinstate, an appellant may argue (1) the trial court erred in dismissing the case, (2) the trial court erred in denying his motion to reinstate, or (3) both. *Kirkpatrick*, 2018 WL 521628, at *3 n.1. The only argument presented in Strom's brief is that the trial court erred in denying his motion to reinstate.[2]

In his motion to reinstate, Strom argued that he was not required to reasonably explain his lack of diligence in prosecuting his case for the first twenty-two months because "a party who substitutes new counsel because of lack [of] activity in [his] case should not be penalized by having their new counsel bear the burden of prior counsel's lack of diligence." He further argued that part

---

[2]The "Issues Presented" section of Strom's brief states he is challenging both the order granting the motion to dismiss for want of prosecution and the order denying the motion to reinstate; however, the "Argument" section of his brief only analyzes the order denying the motion to reinstate. Therefore, to the extent Strom seeks to challenge the trial court's dismissal order, his argument is waived due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i) (requiring argument section of the appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citation to authorities and to the record."); *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018) ("A brief must provide citations or argument and analysis for the contentions and failure to do this can result in waiver."), *cert. denied*, 140 S. Ct. 196 (2019).

of the delay in prosecuting his case was reasonably explained by his second lawyer's health issues, which "required numerous periods out of the office for treatment, testing, and visits to treating physicians on the other side of the state." In making the latter argument, he acknowledged that "admittedly there was a period of some six months without activity after the substitution of new counsel."

The record shows negligible activity in the case after the original petition was filed. Although Strom's first attorney did respond to appellees' initial disclosures in August 2022, appellees filed a motion to compel arguing these responses were incomplete. Strom's first attorney never filed any motions, never requested any hearings, never noticed any depositions, and never obtained a trial setting. In his reinstatement motion and at the hearing, Strom acknowledged the lack activity in the case for the first twenty-two months, but he presented no evidence to justify or explain it.

We begin by evaluating Strom's argument that he was not required to justify his first attorney's lack of diligence in prosecuting this case because Strom eventually discharged him and engaged Gallagher. The general rule is that an attorney's failure to diligently prosecute a suit is imputed to the client. *See Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968) (rejecting plaintiff's argument that her failure to diligently pursue her case was excused because "she was not negligent, but her attorney was the negligent one, and in such negligence he was failing to carry out her specific instructions to get a trial of the case."); *Tex. Emp. Ins. Ass'n v. Wermske*, 349 S.W.2d 90, 95 (Tex. 1961) ("[A]n attorney employed to prosecute a claim for workmen's compensation is the agent of the client, and his action or nonaction within the scope of his employment or agency is attributable to the client."); *Cotten v. Briley*, 517 S.W.3d 177, 183-84 (Tex. App.—Texarkana Mar. 14, 2017, no pet.) (rejecting plaintiffs' argument that their failure to diligently prosecute their claim

was excused by the "inattentive negligence of their first attorney" because their attorney's acts were imputed to them); *Rad v. Black*, No. 03-07-00574-CV, 2008 WL 2777320, at *4 (Tex. App.—Austin July 17, 2008, no pet.) ("Texas law generally attributes the actions of counsel to the client."); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 170 (Tex. App.—Texarkana 1997, no writ) ("[A party] cannot rely upon any failure on the part of this chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client.").

In his motion to reinstate, Strom relied on *Brown v. Howeth Inv., Inc.*, 820 S.W.2d 900 (Tex. App.—Houston [1st Dist.] 1991, writ denied), to support his contention that "a party who substitutes new counsel because of the lack of activity in [his] case should not be penalized by having their new counsel bear the burden of prior counsel's lack of diligence." In *Brown*, the plaintiff filed a verified motion to reinstate his case on grounds he did not receive notice of the dismissal hearing. *Id*. at 901. In his motion, the plaintiff included a chronology of the case, and he detailed the limited actions his former attorney had taken, such as noticing depositions and serving discovery. *Id*. at 901-02. The plaintiff also explained that he had found his former attorney's lack of diligence in prosecuting the case to be unacceptable and that is why he had taken steps to cure it. *Id*. at 903. Additionally, the evidence showed that the notice of the dismissal hearing was erroneously sent to his former attorney instead of his current attorney. *Id*. at 902. Based on this evidence, the First Court of Appeals held the trial court abused its discretion by refusing to reinstate the plaintiff's case. *Id*. at 903. It emphasized that nothing in the record showed that the plaintiff himself had intentionally ignored the case. *Id*. at 902. To the contrary, the record showed that the plaintiff "realized his case was not being prosecuted [by his former attorney] and took steps to secure another lawyer" to prosecute his suit. *Id*. at 903. Thus, when the First Court of Appeals

declined to impute a former attorney's inaction in prosecuting a suit to the client, it did so based on the circumstances of the case as supported by the evidence. *See id.*

Here, unlike the plaintiff in *Brown*, Strom received the dismissal hearing notice, and his then-attorney, Sullivan, appeared at the dismissal hearing and actively opposed the dismissal. Additionally, unlike the plaintiff in *Brown*, Strom did not provide any details about what transpired during the first twenty-two months his case was pending. Strom did not present any evidence that his first attorney engaged in any activity to move the case forward. Nor did Strom present any specifics about his dissatisfaction with his first attorney's lack of diligence or his own efforts to ensure the case was moving forward. The only information in the record about the substitution of attorneys was Sullivan's general statement at the reinstatement hearing that Strom "was sort of becoming a little upset because there didn't seem to be any progress in th[e] case." The record is silent about when Strom realized his first attorney was not diligently prosecuting the case and when Strom started the process of replacing him.

As *Brown* illustrates, Strom was required to present evidence to justify or explain his lack of diligence in prosecuting the case from August 2021 to June 2023—the period he was represented by his first attorney. Hiring a new attorney did not automatically absolve Strom from justifying or explaining his first attorney's failure to diligently prosecute the case. *See id.* Absent any evidence justifying or explaining his first attorney's failure to diligently prosecute the case, the trial court properly imputed his first attorney's lack of diligence to Strom. *See Cotten*, 517 S.W.3d at 183-84 (rejecting plaintiffs' excuse that they were not responsible for their failure to diligently prosecute their case because of their first attorney's "inattentive negligence"); *Rad*, 2008 WL 2777320, at *4 (rejecting appellant's argument that he should not be held responsible for his attorneys' failure to move his case forward).

We next consider whether Strom provided a reasonable explanation for his failure to diligently prosecute the case after Gallagher became his attorney.[3] In his motion to reinstate, Strom admitted that during this time, "there was a period of some six months of inactivity" and explained that "the reason for that brief delay was [Gallagher's] worsening health." Although no testimony or affidavits were presented at the reinstatement hearing, Strom argues the factual statements his attorney made in open court constitute evidence because they were made without objection.

"Normally, an attorney's statements must be under oath to be considered evidence." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). "[H]owever, the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary." *Id*. For an attorney's statements to be considered evidence, they must be based on his personal knowledge. *See id.*; *Estate of Campos*, No. 04-19-00350-CV, 2020 WL 1866460, at *4 (Tex. App.—San Antonio Apr. 15, 2020, no pet.) (concluding trial court could have considered attorney's unobjected to factual statements about his difficulties in communicating and meeting with client because they were based on the attorney's personal knowledge); *Anderson v. Safeway Tom Thumb*, No. 02-18-00113-CV, 2019 WL 2223582, at *12 (Tex. App.—Fort Worth May 23, 2019, pet. denied) (concluding the trial court was free to depend on attorney's statements as evidence when the statements were not objected to and involved facts within the lawyer's personal knowledge regarding the lack of receipt of discovery responses); *see also* TEX. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

---

[3]The record shows Gallagher represented Strom for approximately eight months. Gallagher filed an amended petition in August 2023, and he noticed two depositions after appellees filed their motion to dismiss in February 2024. However, in evaluating whether due diligence was exercised, we do not consider actions taken after a motion to dismiss was filed. *See Cotten*, 517 S.W.3d at 184.

At the reinstatement hearing, Sullivan made several factual statements about Gallagher's health and how it negatively affected his ability to work on Strom's case. These statements were unobjected to by appellees and were within Sullivan's personal knowledge. Sullivan stated that he and Gallagher worked together at Bailey & Galyen and that he was "glad he knew him." Sullivan stated the reason Bailey & Galyen took Strom's case was because of Gallagher's experience and familiarity with practicing in Guadalupe County. Gallagher started representing Strom in July 2023, and he filed an amended petition in Strom's case in August 2023. However, shortly after acquiring Strom's case, Gallagher started experiencing serious health problems, which "got worse and worse," and required Gallagher to spend a lot of time traveling between Fort Worth and San Antonio for medical treatments. During this time, Gallagher was hospitalized multiple times. Eventually, Gallagher's worsening health problems caused him to leave the firm. Sullivan believed that Gallagher did his best to work Strom's case and to keep his entire docket moving. Applying the applicable standard, Strom reasonably explained the six months of inactivity during Gallagher's representation. *See Smith*, 913 S.W.2d at 468 (recognizing standard for reinstatement is essentially same as standard for setting aside default judgment); *Martinez*, 2016 WL 3085913, at *2 (same).

Although Strom reasonably explained six months of inactivity during Gallagher's representation, he wholly failed to justify or otherwise reasonably explain long stretches of inactivity during his first attorney's representation. In evaluating Strom's diligence in prosecuting the case, the trial court was entitled to consider the entire history of the case, including the negligible activity in the case for the twenty-two months Strom was represented by his first attorney, the passage of time, and the fact that Strom had never requested a trial setting. *See Dobroslavic*, 397 S.W.3d at 729. As the party seeking reinstatement, the burden was on Strom to

present evidence to justify—by accident, mistake, or other reasonable explanation—his failure to diligently prosecute the case. After considering the entire record, we conclude the trial court could have reasonably determined that Strom failed to meet his burden to justify his failure to prosecute his case with due diligence. *See Doss*, 2017 WL 2124488, at \*4; *Martinez*, 2016 WL 3085913, at \*3. Therefore, the trial court did not abuse its discretion in denying the motion to reinstate.

## CONCLUSION

The trial court's judgment is affirmed.

Adrian A. Spears II, Justice