

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00207-CV

Melko **DOBROSLAVIC** and Southampton Properties, L.L.C.,
Appellants

v.

**BEXAR APPRAISAL DISTRICT** and Bexar County Appraisal Review Board,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-16309
Honorable Martha Tanner, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 28, 2012

AFFIRMED

Appellants Melko Dobroslavic and Southampton Properties, L.L.C., appeal the trial court's judgment dismissing their suit for want of prosecution. We affirm.

### BACKGROUND

On September 28, 2010, the appellants filed a pro se suit for judicial review of a decision by the Bexar County Appraisal Review Board. The Bexar County Appraisal Review Board and the Bexar County Appraisal District, the appellees, filed separate answers to the suit on October 14, 2010, and October 19, 2010, respectively. For the next thirteen months, nothing was filed in

the case. Then, on December 1, 2011, the trial court clerk sent appellants a notice advising them that their case was set for dismissal for want of prosecution on March 6, 2012. The notice stated that appellants' case had been "on file for an extended period of time" and had "not been prosecuted," and that "the court [was] of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal for want of prosecution." The notice further stated that the case was set for dismissal on March 6, 2012, at 8:30 a.m. "unless good and sufficient cause is shown for [its] retention on the docket." After receiving the dismissal notice, appellants retained counsel to represent them.

On January 13, 2012, appellants' counsel filed a notice of appearance in the case and asked the trial court clerk to set the case for a bench trial on July 9, 2012. Appellants received conflicting responses to their request for a trial setting. The trial court clerk responded that the case would not be set for trial because it was set on the dismissal docket. However, the trial court clerk also returned a copy of an order, signed by the trial court, setting the case for a bench trial on July 9, 2012.

On February 15, 2012, appellees filed a jury demand and paid the jury fee. On February 29, 2012, appellants filed a verified motion to retain the case on the trial court's docket. In the motion, appellants urged the trial court to retain their case on the docket because they wished to prosecute the case. The motion also stated that during the period of time since appellants' counsel had been hired in December 2011, expert witnesses had been retained, expert reports had been prepared and served on the appellees, and limited discovery had taken place. The motion further requested that the case be set for a jury trial after June 1, 2012.

On March 6, 2012, appellants and appellees appeared in the trial court in accordance with the dismissal notice. The trial court held a hearing. Thereafter, the trial court signed an order dismissing the case for want of prosecution. This appeal ensued.

## APPLICABLE LAW

A trial court's authority to dismiss for want of prosecution has two sources: Rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power. *Scoville v. Schaffer*, 9 S.W.3d 201, 203 (Tex. App.—San Antonio 1999, no pet.). First, under Rule 165a, a trial court may dismiss on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX. R. CIV. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court…." TEX. R. CIV. P. 165a(2). Second, under the common law, the trial court has the inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence. *Scoville*, 9 S.W.3d at 203. This authority stems from the trial court's power to maintain and control its docket. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.).

We review a trial court's order dismissing for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). With respect to factual matters, an abuse of discretion occurs only when the record shows "the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We may not reverse for abuse of discretion merely because we disagree with the decision of the trial court. *Texas Mut. Ins. v. Olivas*, 323 S.W.3d 266, 273 (Tex. App.—El Paso 2010, no pet.).

## DISCUSSION

In their brief, appellants raise complaints about the adequacy of the dismissal notice and the trial court's decision to dismiss their suit.

1. **Adequacy of the Dismissal Notice**

A party must be provided with notice and an opportunity to be heard before a trial court may dismiss for want of prosecution under either Rule 165a or its inherent authority. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The Texas Supreme Court has held that a trial court's failure to provide adequate notice of its intent to dismiss requires reversal because a party's due process rights have been violated. *See id.*; *but see Hernandez v. ISE, Inc.*, No. 04-06-00888-CV, 2008 WL 80005, at *3 (Tex. App.—San Antonio 2008, no pet.) (concluding there was no need to reverse the trial court's judgment for failure to provide adequate notice when the appellant was provided with an opportunity to refute the dismissal of her case at a hearing on a motion to reinstate).

In the present case, appellants contend the dismissal notice was inadequate to inform them of the trial court's intention to dismiss for want of prosecution. In support of this contention, the appellants rely on the Texas Supreme Court's holding in *Villarreal*. 994 S.W.2d at 631-33. There, the trial court's dismissal notice stated the case was set for dismissal and the party was "requested to be present and make your announcement. If no announcement is made, this cause will be dismissed for want of prosecution." *Id.* at 629. The supreme court held that the notice in *Villarreal* could only fairly be read as providing notice that the case would be dismissed under Rule 165a(1) if the parties failed to appear at the hearing; it did not provide notice of the trial court's intent to dismiss under its inherent power. *Id.* at 632-33.

The present case is distinguishable from *Villarreal*. In the present case, the notice does not make dismissal contingent on the appellants' failure to make an announcement. Rather, the notice expressly states that appellants' case had been "on file for an extended period of time" and had "not been prosecuted," and that "the court [was] of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal." When considered as

a whole, the dismissal notice in this case could fairly be read as informing the plaintiffs of the trial court's intent to dismiss for want of prosecution under either Rule 165a(2) for failure to comply with time standards established by the Texas Supreme Court or the trial court's inherent authority.

According to appellants, the dismissal notice was inadequate because it failed to warn them that they were required to show that their case had been prosecuted with due diligence; instead, the notice warned them only that they must show "good and sufficient cause" to retain their case on the docket. Appellants' argument has no merit. To avoid dismissal on the ground that the case was not prosecuted with diligence, appellants were required to demonstrate that they exercised reasonable diligence in prosecuting their suit. *See McCray v. Keith*, No. 09-11-00398-CV, 2012 WL 983172, at *2 (Tex. App.—Beaumont 2012, no pet.) (citing *MacGregor*, 941 S.W.2d at 75-76)). Courts articulate this reasonable diligence standard in terms of a showing of "good cause" or "sufficient excuse" for maintaining the suit on the trial court's docket. *See Villarreal*, 994 S.W.3d at 633; *Olivas*, 323 S.W.3d at 274; *Binner v. Limestone Cnty.*, 129 S.W.3d 710, 714 (Tex. App.—Waco 2004, pet. denied); *Christian v. Christian*, 985 S.W.2d 513, 514-15 (Tex. App.—San Antonio 1998, no pet.); *see also* TEX. R. CIV. P. 165a(1). Thus, the statement in the dismissal notice that appellants' case would be dismissed "unless good and sufficient cause" was "shown for [its] retention on the docket" was consistent with the standard for demonstrating due diligence in prosecuting a suit. We hold the trial court provided appellants adequate notice of its intention to dismiss for want of prosecution under Rule 165a(2) and its inherent authority.

### 2. **Decision to Dismiss for Want of Prosecution**

When the trial court's order does not state a particular reason for dismissal, we may affirm the judgment under any applicable legal theory. *Olivas*, 323 S.W.3d at 274; *Fox v. Wardy*,

225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied). When reviewing a trial court's decision to dismiss a case under its inherent authority, we examine the record in its entirety. *Olivas*, 323 S.W.3d at 274. When challenging the trial court's decision to dismiss, the appellant has the burden to bring forth a record that demonstrates an abuse of discretion. *Olivas*, 323 S.W.3d at 274; *Fox*, 225 S.W.3d at 200.

Appellants have not caused a reporter's record to be filed in this appeal. The appellate record in this case consists only of a clerk's record. The clerk's record contains the dismissal order, which does not state the specific basis for the trial court's decision to dismiss for want of prosecution. Based on the dismissal notice, two theories applied: Rule 165a(2) and the trial court's inherent authority. We analyze this case under the latter theory.

Again, to avoid dismissal for want of prosecution under the trial court's inherent authority, appellants were required to demonstrate to the trial court that they had exercised reasonable diligence in prosecuting their suit. *See McCray*, 2012 WL 983172, at *2 (citing *MacGregor*, 941 S.W.2d at 75-76)). To decide the diligence issue, trial courts consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for the delay. *Scoville*, 9 S.W.3d at 204; *Christian*, 985 S.W.2d at 514-15. No single factor is dispositive. *Scoville*, 9 S.W.3d at 204; *Christian*, 985 S.W.2d at 515. Reasonable diligence is generally a question of fact. *Christian*, 985 S.W.2d at 515 (citing *MacGregor*, 941 S.W.2d at 75-76)).

Here, the record shows there was a complete absence of activity in this case from the time the appellees filed their answers in October 2010, until January 13, 2012, when appellants' counsel filed a notice of appearance. No trial setting was requested until January 13, 2012, when the appellants made their initial request for a bench trial setting. Thus, the record shows appellants did not begin to prosecute their case until after it had been set on the dismissal docket.

In addition, the record contains appellants' verified motion to retain the case on the trial court docket. This motion expresses appellants' "wish to prosecute this case," and advises that counsel took over the representation in this case in December 2011, and thereafter retained expert witnesses, served expert reports on appellees, and engaged in nominal discovery. However, the motion wholly fails to mention any excuses for the delay in prosecuting the case.

In addition, even if the appellants had caused the reporter's record to be filed in this appeal, nothing indicates it would alter our analysis. In their appellate brief, appellants state that counsel appeared at the dismissal hearing and "argued that (1) the Plaintiffs (Appellants) had retained counsel in December of 2011 to prosecute the case, (2) that the Appellants were prepared to proceed to trial in the case, (3) that an expert witness had been retained and that expert reports (supplemental disclosure) had been submitted to Defendant, BCAD, (4) that initial discovery requests had been served, and [(5)] that Appellants had requested that the case be retained and scheduled for jury trial (based upon the jury request having been made by Appellee, BCAD)." Thus, the arguments appellants made at the dismissal hearing simply mirrored the arguments made in their verified motion to retain.

None of the arguments made in appellants' motion to retain, or purportedly made at the dismissal hearing, provided any excuse for the delay in prosecuting the suit. *See Scoville*, 9 S.W.3d at 204; *Christian*, 985 S.W.2d at 515. Rather, appellants' arguments focused on their desire to prosecute this case and their trial readiness. But reasonable diligence in prosecuting a suit is not established simply by a belated trial setting or a stated readiness to proceed to trial. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The trial court was entitled to consider all of the relevant factors in evaluating the appellants' diligence in prosecuting their suit; no single factor was determinative. *See id.*;

*Christian*, 985 S.W.2d at 514-15. At the time of dismissal, the appellants' suit had been pending for seventeen months. There was a complete lack of activity in the case from October 2010 to January 2012. Moreover, appellants offered no excuse whatsoever for their delay in prosecuting the suit. Based on these factors, the trial court could have reasonably concluded that appellants failed to demonstrate they had exercised reasonable diligence in prosecuting their suit. We hold the trial court did not abuse its discretion in dismissing the appellants' case.

## CONCLUSION

The judgment of the trial court is affirmed.

Karen Angelini, Justice