

# NUMBER 13-19-00083-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE FORD MOTOR COMPANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Benavides and Hinojosa
## Memorandum Opinion by Chief Justice Contreras[1]

By petition for writ of mandamus, relator Ford Motor Company seeks to compel the trial court to dismiss the underlying case, a commercial dispute involving an automobile dealership, for want of prosecution. We deny relief.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

An abuse of discretion occurs when the trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. A trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal and the refusal is thus subject to review by petition for writ of mandamus. *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam); *In re Crawford*, 560 S.W.3d 357, 365 (Tex. App.—Texarkana 2018, orig. proceeding).

Although trial courts are generally granted considerable discretion in managing their dockets, the Texas Supreme Court has held that a trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution "in the face of unmitigated and unexplained delay." *In re Conner*, 458 S.W.3d at 534. To decide whether a case has been prosecuted with diligence, trial courts consider the entire history of the case. *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729–30 (Tex. App.—San Antonio 2012, pet. denied). A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file;

(2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *Najera v. Martinez*, 557 S.W.3d 846, 850 (Tex. App.—El Paso 2018, no pet.); *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.] 2015, no pet.). No single factor is dispositive. *Dobroslavic*, 397 S.W.3d at 729.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Eddie Yaklin Ford Lincoln, Inc., the reply, and the applicable law, is of the opinion that the relator has not established its right to the relief sought. Based upon the history of the litigation, the activity in the case, and the grievous health issues suffered by counsel, we conclude that the trial court acted within its discretion in denying the motion to dismiss. Accordingly, we lift the stay that we previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed the
1st day of April, 2019.