# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00282-CV

**Yvette Mata, Appellant**

**v.**

**Capitol Wright Distributing, LLC; Dalton Marek; and Wright Distributing Co., Inc., Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 16-0752-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Yvette Mata appeals from the district court's order dismissing her suit against appellees Capitol Wright Distributing, Dalton Marek, and Wright Distributing for want of prosecution. She argues the district court erred by providing inadequate notice of its intent to dismiss and by denying her motion to reinstate. We will affirm the district court's order.

## BACKGROUND

On July 28, 2016, Mata sued appellees for personal injuries she allegedly sustained when cases of bottled water fell on her. This incident allegedly occurred almost two years earlier at the convenience store where she worked. All appellees appeared and filed general denials by October of 2016. The clerk's record reflects no further activity in this case until November 29, 2017, when the district clerk notified Mata by letter that the district court intended to dismiss her case for

want of prosecution unless she showed good cause to retain it at or before a January 2018 dismissal hearing.

At the dismissal hearing, the district court asked Mata's counsel if he had prepared a motion to retain. Counsel replied that he had not but "just wanted to try to get an extension on this." The district court refused because the case was "a year and a half old, and from what I can tell, nothing has happened." Counsel responded that he had served Capitol Wright and Marek with responses to their requests for disclosure in April of 2017 but had not filed them with the court.[1] Counsel for appellees arrived at the end of the hearing and orally requested dismissal of the case. The district court signed an order dismissing the case for want of prosecution. Mata filed a motion to reinstate and attached copies of her discovery responses. The district court heard arguments from all parties and denied the motion. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to dismiss for want of prosecution and its ruling on a motion to reinstate for an abuse of discretion. *Enriquez v. Livingston*, 400 S.W.3d 610, 615 (Tex. App.—Austin 2013, pet. denied). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017). With respect to factual matters, we may conclude that the court abused its discretion only if the record establishes that the "court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

---

[1] Capitol Wright and Marek were represented by different counsel than Wright Distributing.

2

A trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent power. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). Under Rule 165a, a court may dismiss for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or if a case has not been "disposed of within time standards promulgated by the Supreme Court under its Administrative Rules." Tex. R. Civ. P. 165a(1), (2). In addition, a trial court has inherent power to dismiss a case when a plaintiff fails to prosecute her case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Whichever source of authority a court intends to rely on, due process requires that it first provide the plaintiff "notice and an opportunity to be heard." *Id.* A failure to provide adequate notice can require reversal. *Id.*

**ANALYSIS**

Mata first argues that the notice was inadequate because it did not explicitly inform her that she must file a motion to retain before the dismissal hearing. However, Williamson County's local rules state: "Written motions to remove a case from dismissal docket must be presented to the trial Judge prior to the notified date of dismissal." Williamson County (Tex.) Dist. Ct. Loc. R. III.D.1. Litigants are charged with knowledge of all local rules applicable to their case. *See Mayad v. Rizk*, 554 S.W.2d 835, 839 (Tex. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *see also In re Stanton*, No. 12-05-00041-CV, 2006 WL 343907, at *2 (Tex. App.—Tyler Feb. 15, 2006, pet. denied) (mem. op.); *Zarosky v. State*, No. 03-03-00116-CV, 2004 WL 1114539, at *1 (Tex. App.—Austin May 20, 2004, no pet.) (mem. op.). Because Mata was charged with

3

knowledge of the requirement that she file a motion to retain, putting the same information in the dismissal notice was unnecessary. *See Mayad*, 554 S.W.2d at 839.

Mata next asserts that the dismissal notice was inadequate because it did not specify whether the district court intended to rely on Rule 165a(2) or its inherent power.[2] The notice sent to Mata states:

> In accordance with Rule 165a, Texas Rules of Civil Procedure, **the court shall dismiss this cause for Want of Prosecution at the dismissal hearing unless there is good cause to maintain the case on the docket.** You may contact the Court Administrator prior to the call of dismissal docket with a showing of good cause.
>
> . . .
>
> Please understand that the only way to avoid having your case dismissed at the call of the docket is to make a request prior to the docket call or be at the docket call to show good cause for your case to be maintained on the docket.

(emphasis added). The notice's opening statement—that the court planned to dismiss "[i]n accordance with Rule 165a"—could be read as informing Mata she was only required to show due diligence under Rule 165a(2). However, the multiple statements that the district court would dismiss the case for want of prosecution unless Mata showed "good cause" are consistent with the standard under the court's inherent authority and under Rule 165a. *See Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied) (holding notice stating plaintiff's

---

[2] Mata asserts we may not uphold the dismissal based on Rule 165a(1) because there is no evidence she failed to appear for a hearing of which she had notice. We agree. *See* Tex. R. Civ. P. 165a(1).

case would be dismissed "unless good and sufficient cause" was shown to retain it provided adequate notice of trial court's intent to dismiss "under Rule 165a(2) and its inherent authority"); Tex. R. Civ. P. 165a(2).

Even if the notice failed to inform Mata that the district court might use its inherent powers, Texas courts have held that "a post-dismissal hearing, like the one on the plaintiff's motion to reinstate, remedies any violations to the litigant's due process rights occurring before dismissal." *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648–49 (Tex. App.—San Antonio 2002, pet. denied); *accord Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201, at *3 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.); *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 273 (Tex. App.—El Paso 2010, no pet.). The district court afforded Mata a full hearing on her motion to reinstate during which she argued extensively that she prosecuted her suit with due diligence. We conclude that Mata has failed to demonstrate reversible error in the notice. *See* Tex. R. App. P. 44.1; *Texas Sting*, 82 S.W.3d at 648–49.

In her final issue, Mata asserts that the district court abused its discretion by denying her motion to reinstate. To avoid dismissal for want of prosecution, Mata had the burden to establish that she prosecuted her suit with reasonable diligence. *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *Villarreal*, 994 S.W.2d at 630. When considering whether a plaintiff has exercised due diligence, a court may consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, how much time has passed, and the plaintiff's excuses for the delay. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Dobroslavic*, 397 S.W.3d at 729. Mata's counsel asserted during the hearing on the motion

5

to reinstate that Mata wished to prosecute the case but had been preoccupied by a dispute with Mata's worker's compensation carrier arising out of the same incident. However, counsel also admitted that the worker's compensation dispute was resolved in "late in 2016, early 2017." The record reveals no activity in the case after October of 2016 except that Mata served her answers to Capitol Wright and Marek's requests for disclosure in April of 2017. Mata's counsel maintained that he served appellees with discovery requests after the district court dismissed the case, but appellees' counsel denied receiving any. Counsel also stated that Mata was still undergoing medical treatment but provided no support for that assertion. We conclude the record supports a conclusion that Mata failed to prosecute her case with due diligence. The district court therefore did not abuse its discretion in denying Mata's motion to reinstate.

We overrule Mata's issues on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: April 17, 2019

6