# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00016-CV

**Stephen J. Seavall, Appellant**

**v.**

**The Cadle Company, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-13-000273, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of the district court of Travis County dismissing a case for want of prosecution. Appellant is Stephen J. Seavall; appellee is the Cadle Company. This Court will affirm the order.

In March 2013, the district court, in response to Cadle's Rule 201.2 motion, ordered Seavall to submit to a deposition and to respond to discovery requests. *See* Tex. R. Civ. P. 201.2 (allowing for deposition of witness in Texas pursuant to "a mandate, writ, or commission" issued by another state). Seavall, however, sought and received mandamus relief in this Court. *See In re Seavall*, No. 03-13-00205-CV, 2013 WL 3013872 (Tex. App.—Austin. June 11, 2013) (orig. proceeding) (mem. op.). This Court concluded that the New Mexico judgment, upon which Cadle's discovery order was predicated, was dormant and not the proper subject for post-judgment discovery. *Id.* at *2–3. Accordingly, this Court directed the district court to vacate its order, which it did.

Seavall then filed a sanctions motion in district court, which he later amended and supplemented, seeking sanctions against Cadle for its previously sought discovery efforts. In the sanctions filings, he requested, among other things, that the court render a declaratory judgment that Cadle's discovery efforts and conduct constituted an abuse of process. After hearing, the district court denied Seavall's sanctions motion in January 2015.

For more than three years the case lay dormant with no activity by either party. This dead calm was broken in June 2018, when the Travis County District Clerk sent the parties notice that the case was set for dismissal for want of prosecution unless a motion to retain was filed. The dismissal notice prompted a flurry of filings by Seavall, including an original and a supplemental motion to retain and a third supplemental motion and claims for abuse of process, for sanctions and for attorney's fees, costs, expenses, and interest.

Cadle did not oppose dismissal of the case. To the contrary, Cadle moved to strike Seavall's motion to retain and further moved to "close the case" and remove it from the court's docket. Upon hearing, the district court signed its order denying Seavall's motion to retain, granting Cadle's motion to "close" the case and removing it from the court's docket.

In this Court, Seavall suggests that "there may be no final judgment and jurisdiction may still be vested with [sic] the trial court." This is so, Seavall contends, because "the trial court simply ordered the case be closed without adjudicating any of the claims presented."

To close means "to bring to an end." *Close*, *Black's Law Dictionary* (10th ed. 2014). Considering the nature and purpose of the hearing (dismissal for want of prosecution), we think it plain that "closing the case and removing it from the docket" is equivalent to a dismissal of the case.

2

Generally, "a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). However, there is no presumption that an order of dismissal for want of prosecution disposes of issues in an independent cross-action or counterclaim. *Id.* at 205; *PHB v. Goldsmith*, 539 S.W.2d 60 (Tex. 1976) (per curiam); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966).

It is true that Seavall filed his third supplemental motion and counterclaim for abuse of process and sanctions before the district court signed the order dismissing the case. But an examination of this pleading demonstrates that Seavall asserts in it the same claim that he stated in his first amended motion and brief for sanctions and in his first supplemental amended motion and brief for sanctions that was considered and denied by the district court in January 2015. In the January 2015 hearing, Seavall requested, as here, declaratory relief finding that Cadle's discovery efforts and conduct amounted to an abuse of process. That claim was finally disposed of by the district court in January 2015. Its re-assertion in Seavall's third supplemental motion and counterclaim does not resurrect it, thereby rendering the dismissal order non-final. Accordingly, we conclude jurisdiction vests in this Court to consider the appeal.

The Court reviews an order dismissing a case for want of prosecution under a clear-abuse-of-discretion standard. *McGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied). A court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *See Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017).

3

A trial court has the inherent power to dismiss a case not prosecuted with due diligence. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984). To avoid dismissal for want of prosecution, Seavall had the burden to establish that he prosecuted his claim with reasonable diligence. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding). When considering whether a party has exercised due diligence, the court may consider the entire history of the case, including whether the party requested a trial setting, the amount of activity in the case, how much time has passed, and the party's excuses for the delay. Reasonable diligence is usually a question of fact. *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729–30 (Tex. App. — San Antonio 2012, pet. denied).

From this record, this Court cannot conclude that it was a clear abuse of discretion for the district court to dismiss the case. The clerk's record shows that the proceeding was filed in 2013. After January 2015, the case lay dormant for more than three years with no activity by either party. The clerk's record shows no valid excuse or explanation by Seavall for this lapse. We have no record of the hearing on the motion to reinstate. And, of course, Seavall's flood of filings after service of the dismissal notice comes too late. We conclude that Seavall failed to discharge his burden to show that he prosecuted his claim with reasonable diligence. The order dismissing the case for want of prosecution is affirmed.

_____

Bob E. Shannon, Justice

Before Justices Goodwin, Baker, and Shannon*

Affirmed

Filed:   October 23, 2019

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeal, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).