

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00007-CV

Patricia **SKELTON**,
Appellant

v.

Guy James **GRAY**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 16416A
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: November 2, 2022

REVERSED AND REMANDED

Appellant Patricia Skelton appeals the trial court's dismissal of her suit for want of prosecution. We reverse the trial court's order of dismissal and remand the cause to the trial court for further proceedings.

## BACKGROUND

In 2016, Skelton filed a legal malpractice suit against appellee Guy James Gray, an attorney who represented Skelton in a 2007 criminal trial. In the criminal proceedings, Skelton appealed her conviction on, *inter alia*, ineffective assistance of counsel grounds. *See Skelton v. State*, No.

04-08-00720-CR, 2010 WL 2298859, at *4 (Tex. App.—San Antonio June 9, 2010, pet. ref'd) (not designated for publication). We affirmed the conviction and the Texas Court of Criminal Appeals refused Skelton's petition for discretionary review. *See id.* Skelton then applied for a writ of habeas corpus, which the trial court denied. *See Ex parte Skelton*, 434 S.W.3d 709, 716 (Tex. App.—San Antonio 2014, pet. ref'd) (opin. on reh'g). In the habeas appeal, we reversed the trial court's judgment, granted habeas relief on ineffective assistance grounds, and vacated the criminal judgment against Skelton. *Id*. at 732–34.

In the malpractice case, Gray filed an answer, a jury demand, and a Rule 91a motion to dismiss. His motion to dismiss relied on the *Peeler* doctrine, which provides that convicted individuals may not sue their criminal-defense attorneys for malpractice unless they have been exonerated. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) (plurality op.). The trial court dismissed the malpractice case with prejudice in 2016. This court reversed the trial court's dismissal of the claim and remanded the cause to the trial court for further proceedings. *Skelton v. Gray*, 547 S.W.3d 272, 276–77, 280 (Tex. App.—San Antonio 2018) (holding *Peeler* doctrine did not apply because Skelton's conviction had been vacated), *aff'd*, 595 S.W.3d 633 (Tex. 2020). The Texas Supreme Court granted Gray's petition for review, affirmed our judgment, and remanded this case for trial. *Gray v. Skelton*, 595 S.W.3d 633, 636, 641 (Tex. 2020) (concluding that *Peeler* doctrine did not bar Skelton's malpractice claim, but that she must prove her innocence as a necessary predicate). The Supreme Court issued its mandate on March 26, 2020, returning jurisdiction over the malpractice case to the trial court.

After a year with no activity on the case, on March 18, 2021, the trial court sua sponte notified the parties of its intent to dismiss the case for want of prosecution based on Rule 165a and

the Local Rules of Practice.[1] At the April 19, 2021 dismissal hearing, the trial court: (1) retained the case "until 10/30/21 on which date it shall be automatically dismissed"; and (2) ordered the parties to mediate by July 30, 2021. On May 13, 2021, Gray filed a no-evidence motion for summary judgment; on June 7, 2021, Skelton filed a traditional motion for summary judgment. On July 27, 2021, the trial court denied both motions. On October 28, 2021, Skelton filed a motion asking the trial court to set the case for a jury trial in January or February 2022 and to refer the case to mediation.

On November 15, 2021, the trial court signed an order dismissing the case for want of prosecution. Skelton filed a notice of appeal and a verified motion to reinstate. In that motion, Skelton averred that Gray's counsel had "advised [Skelton's] counsel and the Court's coordinator that [he] was not available for a jury trial until 2022." In response, Gray's attorney swore, "I never said I had no availability in 2021." The trial court overruled by operation of law Skelton's motion to reinstate the case.

In her appellate brief, Skelton raises two issues. First, she claims the trial court abused its discretion by dismissing the case for want of prosecution despite the parties' "demonstrated desire" to resolve the case via jury trial when juries were not available for civil trials due to the COVID-19 pandemic. Second, she argues the trial court abused its discretion by failing to set a hearing on her verified motion to reinstate.

---

[1] *See Doss v. Robinson*, No. 04-16-00560-CV, 2017 WL 2124488, at *2 (Tex. App.—San Antonio May 17, 2017, no pet.) (mem. op.) (noting the relevant local rule provides "[i]f no action is taken by a party seeking affirmative relief in non-family civil matters within nine (9) months directed toward a trial on the merits, the Court will proceed to dismiss the case for want of prosecution in accordance with Rule 165a.").

**ANALYSIS**

***Dismissal for Want of Prosecution***

*Applicable Law and Standard of Review*

A plaintiff has a responsibility to prosecute a suit to an end with reasonable diligence, "failing which a trial court may dismiss for want of prosecution." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam). "A trial court's authority to dismiss for want of prosecution has two sources: Rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power." *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 727 (Tex. App.—San Antonio 2012, pet. denied). Under Rule 165a(2), a trial court can dismiss a case "not disposed of within time standards promulgated by the Supreme Court[.]" TEX. R. CIV. P. 165a(2); *Dobroslavic*, 397 S.W.3d at 727–28. Those standards require district courts to ensure, "'so far as reasonably possible,'" that non-family law civil cases in which a jury has been demanded are brought to trial or final disposition within eighteen months of the appearance date. *In re Conner*, 458 S.W.3d at 535 (quoting TEX. R. JUD. ADMIN. 6.1(b)(1)). "At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." TEX. R. CIV. P. 165a(1); *In re Conner*, 458 S.W.3d at 535 (noting that "while Rule 165a(2) does not refer to Rule 165a(1)'s procedural requirements, including notice and a hearing, neither does it suggest a basis for deviating from those procedures"). The trial court also "has the inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence." *Dobroslavic*, 397 S.W.3d at 728. "This authority stems from the trial court's power to maintain and control its docket." *Id*. "To decide the diligence issue, trial courts consider the entire history of the case, including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for the delay." *Id*. at 729.

We review a trial court's order dismissing a case for want of prosecution for an abuse of discretion. *Id.* at 728. A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). With respect to factual matters, an abuse of discretion occurs only when the record shows "the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "We may not reverse for abuse of discretion merely because we disagree with the decision of the trial court." *Dobroslavic*, 397 S.W.3d at 728.

### Application

Here, the trial court's dismissal references its prior order that if the case was not "finalized" by October 30, 2021, it would be dismissed. When the court set the hearing that led to its prior order, it referenced "Rule 165a, Texas Rules of [C]ourt, and the Local Rules of Practice." We construe this as an invocation of Rule 165a(2) and the trial court's inherent authority. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied) (where plaintiffs did not request fact findings and trial court did not specify dismissal standard used, appellate court must "affirm on the basis of any legal theory supported by the record").

Because more than eighteen months had passed since the Texas Supreme Court's mandate issued, this delay meets the prima facie standard for what is unreasonable in terms of prosecuting a case. *Doss*, 2017 WL 2124488, at *2; *see also* TEX. R. CIV. P. 165a(2) ("Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket."). Because this delay gave rise to a presumption of abandonment, we must determine whether Skelton sufficiently explained the delay using well-established factors. *In re Conner*, 458 S.W.3d at 535; *see also Dobroslavic*, 397 S.W.3d at 729.

**Whether plaintiff requested a trial setting**. Skelton twice requested that the case be set for trial: on April 19, 2021 (at the dismissal hearing) and again on October 28, 2021 (in a motion).

**The amount of activity in the case.** Aside from some informal settlement negotiations, there was no activity in the case before the trial court's April 19, 2021 dismissal hearing. After that, the record reflects the following activity:

- 4/20/21    Gray served written discovery on Skelton[2]

- 5/13/21    Gray filed a no-evidence motion for summary judgment

- 5/20/21    Skelton responded to written discovery requests

- 6/7/21    Skelton filed a traditional motion for summary judgment

- 6/28/21    The trial court heard the parties' motions for summary judgment

- 7/27/21    The trial court signed an order denying both motions

- 10/28/21    Skelton filed a motion to set the case on the jury docket and refer it to mediation

Approximately two weeks after Skelton filed her motion to set the case on the jury docket, the trial court dismissed the case for want of prosecution.

**The passage of time.** The Texas Supreme Court issued its mandate returning the case to the trial court on March 26, 2020; the trial court dismissed the case on November 15, 2021. The case was therefore on the docket for just under twenty months.

**The plaintiff's excuses for the delay.** At the dismissal hearing, Skelton did not offer evidence, but explained that the case could not be heard by a jury due to the court's pandemic-related backlog; she had been unable to obtain any jury setting from the court's administrator, "Ms. McEntyre." We agree with Skelton that the trial court acted in an arbitrary and unreasonable

---

[2] This date, as well as the May 20, 2021 date Skelton responded to Gray's discovery, come from the affidavit Gray's counsel attached to Gray's response to Skelton's motion to reinstate. The clerk's record does not contain this discovery.

manner by dismissing the case after setting a deadline it knew the parties would be unable to meet and in the face of their ongoing active participation in the case. By the time the Texas Supreme Court's mandate issued, the COVID-19 pandemic had disrupted every facet of life in this state. The Texas Supreme Court had issued emergency orders prohibiting in-person proceedings and jury trials, with certain exceptions, due to safety concerns associated with the pandemic. *See, e.g.*, *Eighteenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 122, 123 (Tex. June 29, 2020); *Twenty-Second Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 129, 130 (Tex. Aug. 6, 2020).

By the April 19, 2021 dismissal hearing, the Texas Supreme Court had lifted many restrictions on jury trials. *See Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 897, 898 (Tex. March 5, 2021). Despite that, the trial court recognized that the parties' chances of having a jury available for a civil trial in the next year were slim, stating, "I don't know that you'll get a jury in the next-year either. We've got a year's worth backlog of criminal cases that are -- they jump the line, they take a precedence over civil cases, so any trial setting you get is all going to be subject to a criminal jury anyway." In ruling, the trial court reiterated that obtaining a jury trial would be a challenge, stating:

> Plaintiff's case is retained until October 30th of 2021, on which date it will be automatically dismissed. The parties shall mediate the case on or before July 30 of 2021. . . . And that will be the end of the road. So I don't know if you can get a trial date by then or not. That's going to be a hurdle you have to overcome then.

When Skelton asked, "[W]hat do we do if we're unable to get a trial date?" the trial court responded, "You might consider a bench trial or mediate and settle."[3]

---

[3] Importantly, Gray—not Skelton—filed the jury demand in this case. Skelton lacked the ability to waive Gray's demand that the case be tried to a jury. *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 408 (Tex. App.—San Antonio 1994, writ denied) (recognizing a court "does not have discretion, when a party has properly requested a jury trial under TRCP 216, and is present in court, to deny that party a jury trial without that party's assent."); *see also* Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate.").

Activity in the case continued, with both parties participating in the discovery process and filing motions for summary judgment, and with Skelton's October 28, 2021 motion to set the case on the jury docket and to refer the case to mediation. The trial court dismissed the case for want of prosecution in the face of mitigated and explained delay. The facts here bear no resemblance to facts the Texas Supreme Court recognized as raising a conclusive presumption of abandonment of the plaintiff's suit. *In re Conner*, 458 S.W.3d at 534–35 (plaintiff offered no explanation for the eight-year delay in bringing the case to trial) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (finding seven-and-one-half year delay as failing to satisfy the demands of reasonable diligence); *Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex. 1962) (same for five-year delay); *Bevil v. Johnson*, 307 S.W.2d 85, 88 (Tex. 1957) (same for eight-year delay)).

Nor do the facts here resemble those in *Pence v. S&D Builders, LLC*, No. 07-21-00080-CV, 2021 WL 5919466, at *4 (Tex. App.—Amarillo Dec. 15, 2021, no pet.) (mem. op.)—a case cited by Gray in which our sister court upheld a dismissal of a case pending during the COVID-19 pandemic. There, the appellate court rejected the plaintiffs' argument that the trial court erred in not cancelling its dismissal docket during the pandemic because the plaintiffs did not present that argument to the trial court at the hearing on the motion to dismiss. *Id*.

Another case cited by Gray, in which another sister court upheld a dismissal for want of prosecution during the pandemic, is also distinguishable. In *In Matter of McBryde Family Tr.*, No. 13-20-00473-CV, 2021 WL 4897562, at *7 (Tex. App.—Corpus Christi–Edinburg Oct. 21, 2021, no pet.) (mem. op.), plaintiff's counsel argued that the need to assist and supervise his children during the early months of the pandemic severely hindered his ability to prosecute his client's case for five of the eighteen months the case was on file. The appellate court held the trial court could have reasonably concluded that COVID-19 was not a reasonable excuse for delay given the

"minimal activity for a case on file for eighteen months" and counsel's lack of a detailed explanation of how the closures affected plaintiff's case. *Id.*

Here, Skelton explained how COVID-19 affected her case—she could not obtain a jury trial. Gray makes much of Skelton's failure to present evidence that she could not obtain a jury setting, but the trial court expressed its own awareness on the record of the fact that juries likely would not be available for civil trials, even the following year. Gray also notes that Skelton made no attempt to mediate the case before July 30, 2021, and only asked the trial court to set the case for mediation in her October 28 motion. But that pleading followed the parties' motions for summary judgment and the trial court's denial of those motions, demonstrating Skelton's active prosecution of her case. Examining the entire record, and in light of the history of this dispute—including four appeals to this court, two appeals to the Texas Court of Criminal Appeals, and one appeal to the Texas Supreme Court—we conclude the trial court's decision was arbitrary, unreasonable, and without reference to guiding principles. *See Downer*, 701 S.W.2d at 241–42.

## CONCLUSION

For these reasons, and in the interests of justice, we reverse the trial court's order dismissing the case and remand this matter to the trial court to reinstate Skelton's case on the court's docket. TEX. R. APP. P. 43.2(d), 43.3. Having sustained Skelton's first issue, we need not consider Skelton's second argument about the trial court's failure to hold a hearing on her motion to reinstate. TEX. R. APP. P. 47.1.

Beth Watkins, Justice