

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00278-CV

---

STEVEN ROMBOM, APPELLANT

V.

G.D.C.I., D/B/A GIBSON'S DISCOUNT CENTERS, INC., APPELLEE

---

On Appeal from the 198th District Court
Kerr County, Texas
Trial Court No. 21161B, Honorable M. Patrick Maguire, Presiding

---

July 11, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Steven Rombom, appeals from the trial court's order dismissing his case against Appellee, G.D.C.I., d/b/a Gibson's Discount Centers, Inc. and others.[1] On

---

[1] Collectively, we shall refer to the Appellees as "Gibson's."

appeal, Rombom asserts the trial court abused its discretion by ordering its dismissal. We affirm.[2]

## Background

On March 19, 2021, Rombom initiated this action involving the purchase of a handgun, alleging breach of contract, breach of express warranty, violations of the Texas Deceptive Trade Practices Act (DTPA),[3] fraud, and a request for attorney's fees. Rombom's petition claimed that he purchased a defective handgun from Gibson's and, after several unsuccessful attempts to return it, was given a replacement of lesser value.[4] Eight months later, Rombom filed a first amended petition alleging two additional claims under the Uniform Commercial Code. On March 8, 2022, Gibson's served written discovery on Rombom.

In July 2022, the trial court scheduled a hearing on its intention to dismiss Rombom's case for want of prosecution unless there was good cause to keep it on the docket. Hearing was set for August 8, 2022. Three days before the hearing, Rombom filed a motion to retain the case on the court's docket and requested a jury trial, also filing a jury demand the same day. At the August 8 hearing, the trial court extended the case on its dismissal docket.

---

[2] Originally appealed to the Fourth Court of Appeals, this appeal was transferred by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] Texas Deceptive Trade Practices—Consumer Protection Act. TEX. BUS. & COM. CODE ANN. §§ 17.41–.63.

[4] In February 2022, the trial court granted an agreed motion to dismiss with prejudice Rombom's claims against G.D.C.I.

On March 1, 2023, the trial court signed an "Order of Dismissal," which purported to dismiss the case in the future. Referencing the August 8 hearing, the order indicated that "good cause was shown for the case to be maintained on the docket until 6/1/23 when, if not finalized, shall be dismissed."[5] An email from a member of the court's staff provided the context for the order:

> Good morning counselors. As you are aware from the previous dwop hearing (8/2022) the case was retained until 2/23. I intercepted the dismissal order and held it until I could speak with Judge Maguire. (he's been in trial).
>
> Attached is a copy of the dismissal order, which he has extended again, until 6/1/23. Please forward your agreed order to set the MSJ, so we can get this case tended to before the extended deadline again!

On April 28, 2023,[6] Rombom filed a motion for partial summary judgment on its breach of contract and DTPA claims. On May 24, Gibson's filed a response.

On June 1, the same day as a hearing on his motion for summary judgment, Rombom filed a motion to retain his case and to set it for a jury trial. In its motion, Rombom stated that due to trial scheduling difficulties because of a backlog caused by the COVID-19 pandemic, good cause existed to extend the case until the next available jury docket. After denying Rombom's motion for summary judgment, the trial court heard arguments on whether to retain the case on its docket. When asked whether Rombom's counsel had contacted the court coordinator for jury trial dates since the last retention, he admitted, "I don't know that we have. I'm happy to go confer with Ms. McEntyre

---

[5] The order initially identified the deadline as February 28, 2023. That date was struck through, and the date was changed to June 1, 2023.

[6] Between March 1 and April 28, 2023, Gibson's filed a supplemental discovery response and designated its non-retained experts.

immediately following." Gibson's counsel was unaware that any party had requested jury trial dates.

Consequently, the trial court denied Rombom's motion to retain and signed an order dismissing his lawsuit for want of prosecution. At the time of dismissal, Rombom's suit had been pending for just over 26 months.

## Analysis

On appeal, we need only decide whether the trial court abused its discretion when it ordered the suit dismissed for want of prosecution.[7] In support, Rombom argues (1) he diligently pursued his case; (2) the COVID-19 pandemic prevented him from obtaining a jury trial; and (3) the dismissal prevented him from exercising his constitutional right to a jury trial under the Texas Constitution. We disagree.

A plaintiff must prosecute his suit with reasonable diligence, or the trial court may dismiss it for want of prosecution. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding). The trial court's authority to dismiss comes from Rule 165a of the Texas Rules of Civil Procedure and its inherent power to manage its docket. *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 727 (Tex. App.—San Antonio 2012, pet. denied). Under Rule 165a(2), a trial court can dismiss a case "not disposed of within the time

---

[7] We note that Rombom's issue is multifarious in that the issue generally attacks the trial court's dismissal with numerous arguments. *Fleming v. NASA Fed. Credit Union*, No. 04-21-00555-CV, 2023 Tex. App. LEXIS 287, at *3 n. 3 (Tex. App.—San Antonio 2023, no pet.). "Although we need not address multifarious issues, we may consider them if we can determine, with reasonable certainty, the error about which the complaint is made." *Id.* (citing *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied)).

standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2); *Dobroslavic*, 397 S.W.3d at 727–28.

A trial court can also dismiss a case for lack of due diligence. This decision considers the entire case history, including time on file, activity level, and any valid excuses for delays. *Dobroslavic*, 397 S.W.3d at 728–29; *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.).

We review a trial court's dismissal for abused discretion, meaning the court acted in an arbitrary or unreasonable manner or without reference to any guiding rules and principles. *Dobroslavic*, 397 S.W.3d at 728; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The fact that an appellate judge may decide differently does not constitute an abuse of discretion. *Downer*, 701 S.W.2d at 242. Rather, we may find a trial court abused its discretion only if the trial court failed to reach the only decision it could have. *See In re RSR Corp.*, 568 S.W.3d 663, 666 (Tex. 2019); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The trial court's dismissal on June 1, 2023, referenced its prior order stating that if the case was not finalized by that date, it would be dismissed. The court referenced "Rule 165a, Texas Rules of Court, and the Local Rules of Practice" as the basis for dismissal, which we interpret as invoking Rule 165a(2) and the trial court's inherent authority. *See Skelton v. Gray*, 04-22-00007-CV, 2022 Tex. App. LEXIS 8080, at *7 (Tex. App.—San Antonio Nov. 2, 2022, pet. denied). Because more than 18 months had passed, this delay meets the prima facie standard for unreasonable prosecution. *Id. See* TEX. R. CIV. P.

5

165a(2). Rombom delayed for 26 months, giving rise to a presumption of abandonment unless he proved he exercised reasonable diligence. *Dobroslavic*, 397 S.W.3d at 729.

To determine reasonable diligence, trial courts consider the entire case history, including a plaintiff's requests for trial settings, case activity, passage of time, and excuses for delay. *Id.* *See Skelton*, 2022 Tex. App. LEXIS 8080, at *7–8. No single factor is dispositive; reasonable diligence is generally a question of fact. *Dobroslavic*, 397 S.W.3d at 729–30.

Rombom's attorney claimed delays were due to ongoing settlement negotiations and diminished availability of jury trials during the COVID-19 pandemic. Despite noting that trial activity had recently surged, he argued that no jury trial dates were available. The trial court asked Rombom's attorney if he had contacted the court coordinator for a trial date, and counsel replied that he had not "but would that day."

The court's local rules place the burden on Rombom to obtain a trial setting;[8] *see Doss v. Robinson*, No. 04-16-00560-CV, 2017 Tex. App. LEXIS 4484, at *8 (Tex. App.— San Antonio May 17, 2017, no pet.). However, there is no evidence Rombom made such a request during the 26 months. Instead, he filed motions with the district clerk without

---

[8] To request a setting in a jury case, the local rules provide:

A setting for trial on the merits will be made in response to a written Request for Setting submitted directly to the Court Coordinator **at the Kerr County Office**. The party requesting a setting should not file the Request for Setting with the Clerk.

198th and 216th Dist. Ct. Loc. R. CIVIL CASES A.1. (Bandera, Gillespie, Kendall & Kerr Counties).

following the required procedures for obtaining a jury setting, making his claim about COVID-19 related unavailability speculative.[9]

Rombom's reliance on *Skelton* is misplaced because its salient facts are not present in this case. In *Skelton*, the plaintiff's counsel repeatedly attempted to obtain a trial setting in accordance with local rules but was unsuccessful, and the trial court acknowledged that civil trials would be delayed. *Id*. at *11. In addition, the court expressed its awareness on the record that juries would not be available for civil trials even in the following year. *Id.*

His argument that settlement negotiations somehow delayed prosecution of the case is also unconvincing. *See Cruz v. Owens Handle Co.*, No. 04-02-00291-CV, 2003 Tex. App. LEXIS 36, *5–6 (Tex. App.—San Antonio Jan. 8, 2003, no pet.) (settlement activity does not excuse a failure to prosecute diligently). Additionally, the dates of when Rombom filed motions to retain and for a jury trial close to dismissal hearings suggest his conduct was more reactive than proactive in proceeding to trial. *See Sanchez v. Garcia*, No. 13-05-00557-CV, 2006 Tex. App. LEXIS 6632, at *16 (Tex. App.—Corpus Christi July 27, 2006, pet. denied) (Rule 165a(2) "demands active rather than reactive movement of a stagnant lawsuit."). The trial court's dismissal shortly after denying his motion for partial summary judgment suggests no intervening cause or reasonable explanation for the delay. Thus, we cannot conclude the trial court abused its discretion. *See, e.g., Rainbow*

---

[9] On appeal, Rombom argues that the COVID-19 pandemic prevented him from obtaining a jury trial, citing a 2022 statement by a district court judge in another case and a newspaper article about a Texas man tried with COVID. This anecdotal evidence was not presented to the trial court and is unpersuasive. On March 5, 2021, before Rombom's case was filed, the Texas Supreme Court lifted many restrictions on in-person trials, two years before the final dismissal hearing. *See generally, In re Thirty-Sixth Emergency Order Regarding the Covid-19 State of Disaster,* 629 S.W.3d 897 (Tex. 2021).

*Home Health*, 76 S.W.3d at 56–57 (holding no abuse of discretion when, during, period of twenty-three months, "little or no activity had occurred on the case" and the plaintiff failed to offer sufficient excuse for inactivity).

Regarding Rombom's constitutional claim, he provides no authority suggesting a dismissal for want of prosecution violates the right to a jury trial. A dismissal is not a determination on the merits and is not with prejudice; *Maldonado v. Puente*, 694 S.W.2d 86, 92 (Tex. App.—San Antonio 1985, no writ), it simply returns the parties to the position they were in before the filing of the suit. *Martinez v. Benavides*, No. 01-14-00269-CV, 2015 Tex. App. LEXIS 3149, at *8 (Tex. App.—Houston (1st Dist.) Mar. 31, 2015, no pet.). Appellant's single issue is overruled.

## Conclusion

We affirm the trial court's order of dismissal.

Lawrence M. Doss
Justice